UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS JENKINS, also known as Bill D. Jenkins,<br><br>Petitioner,<br><br>v.<br><br>E. NOONAN, warden,<br><br>Respondent. | Case No.: 20-cv-00921-H-LL<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241; AND**<br><br>[Doc. No. 1.]<br><br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IFP AS MOOT**<br><br>[Doc. No. 2.] |

On May 14, 2020, Petitioner William Douglas Jenkins, a federal pretrial detainee at Western Region Detention Facility GEO proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking his release from detention. (Doc. No. 1.) In the habeas petition, Petitioner claims that his rights under the Fourteenth Amendment have been violated due to the conditions of his detention during the COVID-19 pandemic. (Id. at 4-5.)

///

///

## BACKGROUND

Petitioner is 49 years old and is a named defendant in a criminal case that is pending before this Court, United States v. Schmidt, 19-cr-3771-H.  In United States v. Schmidt, Petitioner is charged with: (1) one count of conspiracy to import 400 grams or more of fentanyl, 1 kilogram or more of heroin, and 500 grams or more of methamphetamine in violation 21 U.S.C. §§ 952, 960, and 963; and (2) one count of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Schmidt, 19-cr-3771-H, Superseding Indictment, Docket Entry No. 35 at 1-3 (S.D. Cal. Nov. 20, 2019).  The charged offenses carry a minimum mandatory sentence of 10 years and a maximum sentence of life.  See 21 U.S.C. § 960(b)(1)(H).  A motion hearing/trial setting in Schmidt is scheduled for June 22, 2020 at 2:00 p.m.  Id., Docket Entry No. 96.

Petitioner has a lengthy criminal history dating back to 1990.  Petitioner's criminal history includes: (1) a 2013 felony conviction for possession of a controlled substance for sale in violation of California Health & Safety Code §§ 11378 and 11370.2; (2) a 2009 felony conviction for assault with a deadly weapon non-firearm or by force to cause great bodily injury in violation of California Penal Code § 245(A)(1); (3) a 2007 felony conviction for possession of a controlled substance in violation of California Health & Safety Code § 11377(A); (4) a 2005 felony conviction for transportation of a controlled substance in violation of California Health & Safety Code § 11379(A); (5) a 2004 felony conviction for manufacture/possession of a dangerous weapon in violation of California Penal Code § 12020(A)(1); and (6) a 2001 felony conviction for importation/sale/distribution of a controlled substance into the state in violation of California Health & Safety Code § 11379(A).  On October 3, 2019, the Magistrate Judge held a detention hearing as to Petitioner.  United States v. Hayes, 19-cr-4166-GPC, Docket Entry No. 14 (S.D. Cal., Oct. 3, 2019).  On October 31, 2019, the Magistrate Judge issued an order of detention as to Petitioner, finding by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of Petitioner.  Id., Docket Entry No. 23 (S.D. Cal., Oct. 31, 2019).  By the present § 2241

habeas petition, Petitioner seeks his release from pretrial detention.

## DISCUSSION

Under 28 U.S.C. § 2241, district courts have jurisdiction to consider a habeas petition brought by a federal pretrial detainee. See McNeely v. Blanas, 336 F.3d 822, 824 (9th Cir. 2003); Hoyle v. Ada Cty., 501 F.3d 1053, 1058 (9th Cir. 2007). Pursuant to section 2241(c)(3), a district court may grant a writ of habeas corpus to a federal detainee "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, "to be eligible for habeas corpus relief under Section 2241 as a federal pretrial detainee, a petitioner is required to first exhaust available remedies." Quezada-Montero v. Metro. Corr. Facility, No. CV 08-1622-DOC(JTL), 2008 WL 4552955, at *2 n.7(C.D. Cal. Oct. 8, 2008); see Mehmood v. Hollows, No. 1:15-CV-01476-SAB-HC, 2015 WL 5915430, at *2 (E.D. Cal. Oct. 7, 2015); Medina v. Choate, 875 F.3d 1025, 1028 (10th Cir. 2017).

"The Bail Reform Act of 1984 provides that any 'judicial officer' may order the detention or release of a defendant pending trial." Mehmood, 2015 WL 5915430, at *2 (citing 18 U.S.C. § 3142). "Section 3145, Title 18 of the United States Code contains procedures for the review and appeal of such orders." Id. Section 3145(b) provides: "If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b).

In light of the provisions set forth in the Bail Reform Act, several courts have held that "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." Medina, 875 F.3d at 1028; see United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); Fassler v. United States, 858 F.2d 1016, 1017–18 (5th Cir. 1988); United States v. Roberts, 463 F. App'x 72, 74 (3d Cir. 2012); Mehmood, 2015 WL 5915430, at *3. As explained by the Third Circuit, "[w]here a defendant is awaiting trial, the appropriate vehicle for

violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." Whitmer v. Levi, 276 F. App'x 217, 219 (3d Cir. 2008); accord Laureano v. United States, No. 19-CV-10986 (CM), 2020 WL 419378, at *3 (S.D.N.Y. Jan. 24, 2020); see also Reese v. Spaulding, No. CV 18-11235-DJC, 2018 WL 3966319, at *1 (D. Mass. Aug. 9, 2018) ("[F]ederal courts have routinely held that a federal pretrial detainee challenging aspects of his pending criminal charges must seek relief in the criminal action, not in a habeas proceeding.").

Here, Petitioner is a federal pretrial detainee awaiting trial, and he seeks to challenge his pretrial detention via a § 2241 habeas petition. (Doc. No. 1.) This is not the "appropriate vehicle" for the relief Petitioner seeks. Whitmer, 276 F. App'x at 219; see Medina, 875 F.3d at 1028; Mehmood, 2015 WL 5915430, at *3. Petitioner has not sought relief in his pending criminal action. See generally Schmidt, 19-cr-3771-H. As such, Petitioner has failed to exhaust his available remedies, and, thus, the Court denies Petitioner's § 2241 habeas petition on this ground. See, e.g., Reese, 2018 WL 3966319, at *2 (denying a § 2241 habeas petition filed by a federal pretrial detainee); Mehmood, 2015 WL 5915430, at *3 (same).

Further, even if the Court were to consider the merits of the § 2241 habeas petition, Petitioner's claim for relief fails on the merits. In his criminal case, Petitioner is charged with: (1) one count of conspiracy to import 400 grams or more of fentanyl, 1 kilogram or more of heroin, and 500 grams or more of methamphetamine in violation 21 U.S.C. §§ 952, 960, and 963; and (2) one count of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Schmidt, 19-cr-3771-H, Superseding Indictment, Docket Entry No. 35 at 1-3 (S.D. Cal. Nov. 20, 2019). The charged offenses carry a minimum mandatory sentence of 10 years and a maximum sentence of life. See 21 U.S.C. § 960(b)(1)(H). As a result, under 18 U.S.C. § 3142(e)(3)(A), it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required," "[s]ubject to rebuttal by

the [defendant]."

Here, Petitioner is unable to rebut this presumption. Petitioner has a lengthy criminal history that spans 30 years and includes: (1) a 2013 felony conviction for possession of a controlled substance for sale in violation of California Health & Safety Code §§ 11378 and 11370.2; (2) a 2009 felony conviction for assault with a deadly weapon non-firearm or by force to cause great bodily injury in violation of California Penal Code § 245(A)(1); (3) a 2007 felony conviction for possession of a controlled substance in violation of California Health & Safety Code § 11377(A); (4) a 2005 felony conviction for transportation of a controlled substance in violation of California Health & Safety Code § 11379(A); (5) a 2004 felony conviction for manufacture/possession of a dangerous weapon in violation of California Penal Code § 12020(A)(1); and (6) a 2001 felony conviction for importation/sale/distribution of a controlled substance into the state in violation of California Health & Safety Code § 11379(A).

Petitioner argues that his detention during the COVID-19 pandemic violates his Due Process rights. (Doc. No. 1 at 4-5.) But "'[t]he COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142[] factors.'" United States v. Brown, No. 119CR00256NONESKO, 2020 WL 2615031, at *1 (E.D. Cal. May 22, 2020); see also United States v. Arceo, No. 5:09-CR-00616-EJD-1, 2020 WL 2614873, at *2 (N.D. Cal. May 22, 2020) ("The existence of the COVID-19 pandemic, without more, does not by itself constitute an 'extraordinary and compelling reason' for release."). The Court notes that Petitioner is 49 years old and there is no evidence in the record showing that Petitioner suffers from any pre-existing medical condition that would put him at a higher risk should be exposed to COVID-19.[1] Further, there is no evidence in record showing that Petitioner's place of detention, Western Region Detention Facility GEO, has failed to respond appropriately to the COVID-19 pandemic,

---

[1] The Court notes that the only physical health issue referenced in Petitioner's pretrial bail report is a problem with his leg.

or that it has any significant cluster of COVID-19 cases. In light of these factors combined with Petitioner's lengthy criminal history, the Court denies Petitioner's request for release from detention.

## CONCLUSION

In sum, the Court denies Petitioner's § 2241 habeas petition.[2] The Court orders the Clerk of Court to close the above case. In addition, the Court orders the Clerk to file a copy of this order in United States v. Schmidt, 19-cr-3771-H.

**IT IS SO ORDERED.**

DATED: May 27, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] Along with his § 2241 habeas petition, Petitioner filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) Because the Court denies Petitioner's § 2241 habeas petition and closes the case, the Court also denies Petitioner's IFP motion as moot.